UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1-10-CIV-20443-JLK

SUNSET-MIAMI INVESTMENTS, INC.,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, a Federal Agency, as
Receiver for BankUnited, FSB,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE TO AMEND IN ACCORDANCE WITH THIS ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss (DE #16), filed June 24, 2010. Defendant Federal Deposit Insurance Corporation ("FDIC") moves for dismissal of Plaintiff's Complaint (DE #1) on grounds of lack of subject-matter jurisdiction.[1]

At its core, this suit is a simple breach of contract claim for failure to pay rent. The complexity, if indeed there is any, arises from two factors: 1) the insolvency of one of the parties to the original lease agreement; and 2) the Defendant against whom Plaintiff now seeks recovery: the FDIC. After carefully reviewing the record and applicable legal authority, the Court finds that Defendant's Motion to Dismiss must be granted without prejudice to amend in accordance with this Order.

---

[1] Plaintiff has failed to file a response to Defendant's Motion to Dismiss.

### I. Background

Plaintiff and BankUnited entered into a lease agreement on March 31, 2007. Compl. ¶5. In addition to rent, BankUnited was obligated to pay Plaintiff "additional rent", which Article 3(c) of the lease defines as "all reasonable, customary expenses incurred by [Plaintiff] with respect to the ownership, management, operation, and maintenance" of the leased premises. Compl. ¶6. The amount of additional rent due Plaintiff was determined by calculating BankUnited's percentage of "useable square feet" and arriving at a "Proportionate Share." *Id.* Under the terms of the lease, Plaintiff was entitled to file suit for breach of contract in the event BankUnited did not comply with its obligations. Compl. ¶7-8.

On October 20, 2008, Plaintiff notified BankUnited of the additional rent due Plaintiff for April 1, 2007 to March 31, 2008 and demanded payment of $112,595.52. Compl. ¶9. Several months later, on February 19, 2009, Plaintiff revised the additional rent due to $105,089.52 and again demanded payment. Compl. ¶10. On March 31, 2009, Plaintiff provided BankUnited with estimated additional rent and requested a monthly share of $9,103.24 to be paid in advance. Compl. ¶11. According to the Complaint, the 2009 proportionate share due Plaintiff is $111,505.69, bringing the total additional rent owed Plaintiff by BankUnited to $313,348.81.

Plaintiff filed suit in state court on April 14, 2009, seeking to recover the outstanding additional rent that BankUnited had failed to pay. Compl. ¶13. A little over one month later, on May 26, 2009, Defendant FDIC informed Plaintiff that BankUnited was insolvent as of May 21, 2009 and that Defendant had been appointed receiver according to 12 U.S.C. §1821. Compl. ¶14. Defendant notified Plaintiff that it had until

2

August 27, 2009 to file a Proof of Claim, Compl. ¶15, and that if Plaintiff failed to file a claim by that time, any later claim would be disallowed. (DE #1, Ex. E). Plaintiff filed its Proof of Claim with the FDIC on July 17, 2009.[2] Compl. ¶16. By notice dated December 14, 2009, Defendant FDIC disallowed Plaintiff's Proof of Claim, stating that the lease "has continued without any interruption on the same terms." Compl. ¶17 (citing DE #1, Ex. G).

Plaintiff filed the current action in federal court on February 11, 2010, purporting to state three causes of action against the FDIC: 1) breach of contract; 2) unjust enrichment; and 3) specific performance. As damages, Plaintiff seeks additional rent from January 1, 2007 through December 14, 2009. Defendant filed its Motion to Dismiss (DE #16) on June 24, 2010, stating that this Court is without subject-matter jurisdiction to adjudicate Plaintiff's claims; particularly any claims relating to 2009 additional rent, which Defendant claims were not raised by Plaintiff in its July 17, 2009 Proof of Claim and are therefore barred.

There is no dispute between the parties that Plaintiff filed a Proof of Claim with Defendant FDIC on or about July 17, 2009. (DE #1, Ex. F). Instead, the material disputes seems to be whether this Court has jurisdiction to hear Plaintiff's claims regarding 2009 additional rents where 1) Plaintiff, in its Proof of Claim, sought recovery only for additional rent from January 1, 2007 through December 31, 2008; and 2) BankUnited was declared insolvent on May 21, 2009.

---

[2] As will be addressed below, Plaintiff alleges that its Proof of Claim sought recovery through the end of 2009. However, the Proof of Claim filed with Defendant FDIC seeks recovery only for additional rent for 2007 and 2008. (DE #1, Ex. F).

3

## II. Legal Standard

The requirements of a motion to dismiss are well known: for the purpose of such a motion, "the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may only be dismissed if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable."). In arriving at its determination, a court must "limit[] its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006).

## III. Discussion

The matter is properly before this Court and both parties concede that the Financial Institutions Reform and Recovery Act ("FIRREA"), 12 U.S.C. § 1821(e), delineating the rights and liabilities of an insolvent bank and the bank's creditors and debtors, controls this action.

FIRREA was passed by Congress in 1989 to achieve the orderly winding-up of insolvent banking institutions. *See WRH Mortgage, Inc. v. S.A.S. Assocs.,* 214 F.3d 528, 531-32 (4th Cir. 2000). According to its terms, FIRREA not only provides for a means

4

of recovery for creditors of insolvent banks, but also sets the procedures that must be followed in order to achieve that recovery. Under FIRREA, once a banking institution has been declared insolvent, a receiver is appointed to manage the defunct institution's debts and obligations.[3] Those debts and obligations are determined at the time of the declaration of bank insolvency. *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528 (11th Cir. 1983); *Bayshore Executive Plaza Partnership v. FDIC*, 750 F. Supp. 507, 511 (S. D. Fla. 1991). *See also FDIC v. Grella*, 553 F.2d 258, 262 (2d Cir. 1977) (holding the FDIC cannot be responsible for the unexpired term of lease of an insolvent banking institution).

One of the first steps taken by a receiver is to notify potential creditors of the bank's insolvency and to consider any claims raised by those creditors. The receiver is required to "publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall not be less than 90 days after the publication of such notice ..." 12 U.S.C. § 1821 (d)(3)(c). Courts have found that FIRREA makes it clear that "unless administrative procedures are complied with [and the creditor files a proof of claim], no court shall have jurisdiction to evaluate a claim brought against a failed Banking institution for whom the [FDIC] has been appointed receiver." *See, e.g., Bueford v. RTC*, 991 F.2d 481, 484 (8th Cir.1993). Upon receipt of any claims raised by the insolvent bank's creditors or debtors, the receiver has the authority to satisfy or repudiate those claims.

The circumstances under which a receiver may repudiate claims are defined by statute. Under FIRREA, a receiver may repudiate such claims in the following circumstances:

---

[3] There is no dispute on the record that BankUnited is an "insured depository institution" under 12 U.S.C. § 18313(c)(2), or that FDIC is a "receiver" within the definition of 12 U.S.C. § 1813(j).

1)  where a claim rests upon "any acceleration clause or other penalty provision in the lease," 12 U.S.C. § 1821 (e)(4)(B);

2)  where plaintiff seeks recovery of any obligations not incurred *prior to* the time a receiver is appointed for an insolvent banking institution. 12 U.S.C. § 1821(e)(4)(A). *See also Bayshore Executive Plaza Partnership v. FDIC*, 750 F. Supp. 507, 511 (S. D. Fla. 1991).

3)  where a plaintiff has failed to file a claim within the 60-day notice period specified by FDIC;[4]

4)  where any contract or lease is determined by the receiver to interfere with the dissolution of the insolvent corporation, 12 U.S.C. § 1821(e)(1)(C).

It is this statute, then, which controls the claims raised by Plaintiff in this action. Whether Plaintiff's claims can succeed is dependent on Plaintiff's compliance with the terms of the FIRREA statute.

In its Motion to Dismiss, Defendant FDIC argues that Plaintiff's claims are barred by 12 U.S.C. § 1821 (2008). Specifically, FDIC argues three bases for dismissal of Plaintiff's claim: 1) Plaintiff's claims are barred for failure to comply with 12 U.S.C. § 1821; 2) Plaintiff cannot recover additional rent for the period after which BankUnited was declared insolvent; and 3) Count III of Plaintiff's Complaint, specific performance, is prohibited by § 1821(j). (DE #16 at 1-2). Defendant's arguments will be discussed below in the context of the pertinent cause of action alleged by Plaintiff.

A. Count I: Breach of Contract

Under Count I of the Complaint, Plaintiff seeks recovery for BankUnited's purported breach of contract in failing to pay Plaintiff additional rent required under the terms of the lease. Specifically, Plaintiff seeks additional rent from January 1, 2007

---

[4] There are some situations, none of which are relevant here, that permit a receiver to review claims filed after the bar date. *See* 12 U.S.C. § 1821 (d)(5)(C)(ii) (permitting receiver review of post-bar date claims under certain contexts).

through December 14, 2009, as well as attorneys' fees and costs. Compl. ¶¶27-28. For the following reasons, the Court finds that Plaintiff has stated a claim under Count I, but only insomuch as his claim relates to damages noted in the Proof of Claim. As such, Plaintiff's damages are limited to 2007 and 2008.

There is little doubt that, as pleaded in the Complaint, Plaintiff has stated a viable cause of action for breach of contract regarding the lease and its applicability to 2007 and 2008. Plaintiff has alleged the existence of a contract, Compl. ¶25; breach of that contract, Compl. ¶26; and subsequent damages, Compl. ¶27.

Moreover, Plaintiff exhausted its administrate remedies in seeking recovery of additional rent for 2007 and 2008. Plaintiff filed a Proof of Claim in accordance with 12 U.S.C. § 1821, seeking $201,843.00 for additional rent owed by BankUnited from January 1, 2007 through December 31, 2008. (DE #1, Ex. F). Plaintiff also provided Defendant FDIC with evidence regarding the additional rent owed by BankUnited to Plaintiff. (DE #1, Ex. F). Subsequently, Plaintiff's Proof of Claim was disallowed by Defendant. (DE #1, Ex. G). This Court therefore has subject-matter jurisdiction over Count I insomuch as it pertains to 2007 and 2008 damages.

Equally, however, there is little doubt that Plaintiff failed to satisfy the statutory requirements in regards to its claim for additional rent for 2009. Plaintiff's Proof of Claim (DE #1, Ex. F) does not seek recovery of any additional rent for 2009. Instead, the Proof of Claim seeks only recovery of amounts owing from 2007 and 2008. *Id.* Not only does Plaintiff fail to identify any damages from 2009 on its Proof of Claim, it also failed to include any supporting paperwork regarding such a claim. *Id.* Plaintiff therefore failed to exhaust the necessary administrative remedies regarding its 2009 claim for

additional rent, resulting in this Court having no subject-matter jurisdiction over that claim. *Cf. Brown Leasing Co. v. FDIC*, 833 F. Supp. 672 (N.D. Ill. 1993), *aff'd sub nom Brown Leasing Co. v. Cosmopolitan Bancorp*, 42 F.3d 1112 (7th Cir. 1994) (refusing to permit plaintiff's action where grounds had not been raised in proof of claim).

In this regard, Plaintiff's claims may be likened to a case which disallowed a plaintiff's claim under similar circumstances: *Bayshore Executive Plaza Partnership v. FDIC*, 750 F. Supp. 507, 511 (S. D. Fla. 1991). In that case, a lessor brought suit against the FDIC for an insolvent bank's failure to comply with the terms of a lease agreement. 750 F. Supp. at 511. The bank had been declared insolvent on August 7, 1987 and the FDIC was appointed as liquidator on the same day. The plaintiff lessor sought the rent that had allegedly accrued from the time the bank was declared insolvent. *Id.* District Judge Scott denied plaintiff's claim, finding that "the rights and liabilities of [the insolvent bank] were frozen at insolvency." *Id.*

This Court finds no flaw either in *Bayshore*'s reasoning or its application. Because FIRREA is to be interpreted strictly, *see Aljaf Associates Limited Partnership v. FDIC*, 879 F. Supp. 515 (E.D. Pa. 1995) (holding that because plaintiff's Proof of Claim did not state specific basis for recovery, recovery was precluded), Plaintiff's failure in the instant case to pursue his administrative remedy by filing a Proof of Claim for the 2009 additional rents bars his claim for 2009 additional rents.[5] Nonetheless, Plaintiff's claim

---

[5] It should be noted here that, even if Plaintiff had properly filed a Proof of Claim on July 17, 2009 that included Plaintiff's claim for 2009 additional rents, the only recovery that would have been proper under 12 U.S.C. § 1821 would have been for additional rents incurred prior to BankUnited's date of dissolution. *See* 12 U.S.C. § 1821 (e)(4)(b). *See also Bayshore Executive*, 750 F. Supp. at 510-11 (FIRREA "precludes both the recovery of that which was not accrued prior to the date the repudiation becomes effective and the recovery of damages under any acceleration clause or other penalty provision in the lease").

8

for breach of contract regarding damages suffered for 2007 and 2008 adequately states a cause of action.

B. Count II: Unjust Enrichment

Under Count II of its Complaint, Plaintiff seeks recovery under a theory of unjust enrichment. Plaintiff claims to have conferred a benefit onto BankUnited – namely, the "advance payment" of additional rent – and seeks return of an amount equivalent to that benefit: $313,348.81.

The elements of an unjust enrichment claim under Florida law are well-settled. They are as follows: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*, 667 So.2d 876, 879 (Fla. 3d DCA 1996) (quoting *Hillman Constr. Corp. v. Wainer*, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citations omitted)).

Plaintiff has sufficiently stated a cause of action regarding its unjust enrichment claim relating to 2007 and 2008 additional rent. Plaintiff alleges that it conferred a benefit of BankUnited. Compl. ¶31. Plaintiff alleges that BankUnited accepted and retained that benefit. Compl. ¶32. And finally, Plaintiff alleges that permitting BankUnited to retain that benefit without compensation to Plaintiff would be inequitable. Compl. ¶33. As noted above, Plaintiff's July 17, 2009 Proof of Claim and subsequent exhaustion of administrative remedies render Plaintiff's claim proper before this Court.

However, as noted above, Plaintiff's claims for additional rent for 2009 are barred because of its failure to file seek such recovery before August 27, 2009. This Court has no jurisdiction to adjudicate a claim under FIRREA unless a plaintiff has complied with FIRREA's strict requirement regarding Proof of Claim filing. For the same reasons noted above regarding Plaintiff's failure to seek recovery of additional rent from 2009 in the Proof of Claim it filed on July 17, 2009, the Court hereby grants Defendant's motion to dismiss Count II insomuch as it pertains to 2009 additional rent.

### C. Specific Performance

In the alternative to its first two causes of action, Plaintiff seeks recovery in Count III under a theory of specific performance. Specifically, Plaintiff seeks specific enforcement against Defendant FDIC of Article 3(c) of the lease between Plaintiff and BankUnited.

Defendant has moved to dismiss on the grounds that specific performance is not permitted by FIRREA. Specifically, Defendant claims that suits for specific performance of contract claims against receivers under 12 U.S.C. § 1821 are barred by the express terms of the statute. (DE #16 at 7-8). In support of its claim, Defendant cites a case from the District of New Jersey, *Centennial Associates Limited Partnership v. FDIC*, 927 F. Supp. 806 (D. N.J. 1996). In *Centennial*, the court refused to permit a suit for specific performance of a contract to be enforced against the FDIC. As grounds for its refusal, the court noted Congress's well-settled limitation of FIRREA:

> Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or function of the Corporation as a conservator or a receiver.

12 U.S.C. § 1821(j). Therefore, the court found that it lacked jurisdiction to adjudicate a claim for non-monetary relief under a theory of specific performance.

Defendant's statement of the law is accurate. Neither the Eleventh Circuit nor other courts recognize a specific performance claim against the FDIC under 12 U.S.C. § 1821. *See RPM Investments, Inc. v. Resolution Trust Corp.*, 75 F.3d 618, 621 (11th Cir. 1996) ("Like rescission, injunctions, and orders rescinding asset transfers, [] specific performance" restrains the receiver's authority under 12 U.S.C. § 1821). Indeed, this Court lacks subject-matter jurisdiction. *See RPM*, 75 F.3d at 621. As such, Count III of Plaintiff's Complaint must be dismissed.

### IV.   Conclusion

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1.  As to Count I, the Motion to Dismiss is **GRANTED** as it pertains to additional rent for 2009, but **DENIED** with respects to sums sought for the years 2007 and 2008.

2.  As to Count II, the Motion to Dismiss is GRANTED as it pertains to additional rent for 2009, but **DENIED** with respects to sums sought for the years 2007 and 2008.

3.  Count III of Plaintiff's Complaint, which seeks recovery under a theory of specific performance, is barred by the Financial Institutions Reform and Recovery Act and is therefore **DISMISSED**.

4.  If Plaintiff elects to file an Amended Complaint, it shall do so **within 20 days**.

**DONE** and **ORDERED** in chambers at Miami, Florida, this 26th day of August, 2010.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Honorable James Lawrence King
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**Cc:**

**Counsel for Plaintiff**
**G. Frank Quesada, Esq.**
Quesada & Martinez
1313 Ponce de Leon Boulevard
Suite 200
Coral Gables, FL 33134
305-446-2517

**Juan Carlos Valdes, Esq.**
Law Offices of G. Frank Quesada
1313 Ponce de Leon Blvd., Suite 200
Coral Gables, FL 33134
(305) 446-2517
Fax: (305) 446-7521
Email: jcv@quesadalaw.net

**Counsel for Defendant**
**Michael David Ehrenstein, Esq.**
Ehrenstein Charbonneau Calderin PL
501 Brickell Key Drive
Suite 300
Miami, FL 33130
305-722-2002
Fax: 305-722-2001
Email: michael@ECClegal.com