UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1-10-CIV-20443-JLK

SUNSET-MIAMI INVESTMENTS, INC.,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, a Federal Agency, as
Receiver for BankUnited, FSB,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING AS MOOT MOTION FOR STAY

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (DE #26), filed February 25, 2011. This Court, by Order (DE #22) dated January 31, 2011, previously granted judgment on the pleadings to Defendant.[1] Now, Plaintiff would have this Court reconsider its earlier ruling for two purported reasons: 1) an "anti-waiver" provision within the relevant Lease Agreement obviated the Court's decision; and 2) Plaintiff's unjust enrichment claim should not have been dismissed.[2]

Plaintiff has failed to state an adequate basis for reconsideration. As is well settled, Federal Rule of Civil Procedure 60(b)(1) permits a court to relieve a party from a judgment in the event of "mistake, inadvertence, or excusable neglect." However, reconsideration is not appropriate where a party merely seeks to raise arguments that were previously available to it. See *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)

---

[1] In that Order, the Court noted that Plaintiff had failed to respond to Defendant's Motion for Judgment on the Pleadings, notwithstanding that the Court awaited a response from Plaintiff for over two months from the time of filing.

[2] Defendant filed a Response (DE #30) on March 7, 2011. This matter is therefore ripe for determination.

(reconsideration "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."). There is no doubt that any argument now raised by Plaintiff was previously available prior to this Court's Order Granting Judgment on the Pleadings (DE #22) on January 31, 2011. As such, Plaintiff's Motion for Reconsideration is barred.

Nonetheless, the Court also finds on the merits that Plaintiff's basis for reconsideration is meritless. The anti-waiver provision cited by Plaintiff cannot apply where the Court found that Plaintiff had materially breached its obligations under the Lease Agreement with BankUnited. (DE #22 at 2). As drafted, the anti-waiver provision permitted Plaintiff to "insist ... upon strict performance of any covenant", and stated that failure to so insist could not constitute waiver. Under the circumstances present here, however, it is clear that the anti-waiver provision cannot be used as a shield against Plaintiff's own material breach. Any other finding would vitiate the purpose of contractual anti-waiver provisions.

Moreover, as for Plaintiff's contention that its unjust enrichment claim should have survived the Court's Order Granting Judgment on the Pleadings, the Court cannot agree. Unjust enrichment is only available as an alternative theory where a court finds that there was no express legal contract. *See Molinos Valle Del Cibao, C. v. Lama*, Nos. 09-11153, 09-12587, 2011 WL 651996, *3 (11th Cir. Feb. 24, 2011). Here, the Court found that a contract existed between the parties. (DE #22). Therefore, Plaintiff cannot successfully obtain equitable relief for unjust enrichment. *See, e.g., DeGirmenci v. Sapphire Ft. Lauderdale LLLP*, 693 F. Supp. 2d 1325, 1347 (S.D. Fla. 2010).[3]

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that:

---

[3] As a final matter, Plaintiff's Motion for Stay (DE #28) is rendered moot by the Court's decision.

1. Plaintiff's Motion for Reconsideration (DE #26) be, and the same is hereby, **DENIED**.

2. Plaintiff's Motion for Stay (DE #28) is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 10th day of March, 2010.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

Magistrate Ted. E. Bandstra

**Counsel for Plaintiff**
**G. Frank Quesada**
Quesada & Martinez
1313 Ponce de Leon Boulevard
Suite 200
Coral Gables, FL 33134
305-446-2517

**Juan Carlos Valdes**
Law Offices of G. Frank Quesada
1313 Ponce de Leon Blvd., Suite 200
Coral Gables, FL 33134
(305) 446-2517
Fax: (305) 446-7521
Email: jcv@quesadalaw.net

**Counsel for Defendant**
**Michael David Ehrenstein**
Ehrenstein Charbonneau Calderin PL
501 Brickell Key Drive
Suite 300
Miami, FL 33130
305-722-2002
Fax: 305-722-2001
Email: michael@ECClegal.com

**Latasha N Johnson**
Ehrenstein Charbonneau Calderin
501 Brickell Key Drive

Suite 300
Miami, FL 33130
(305) 794-2824

Case 1:10-cv-20443-JLK Document 32 Entered on FLSD Docket 03/10/2011 Page 4 of 4